UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BRIAN W. YORK *et al.*, | CASE NO. 09cv429-L (CAB) |
|---|---|
| Plaintiffs, | **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH PREJUDICE** |
| vs. | |
| REP. DARRELL ISSA *et al.*, | |
| Defendants. | |

PJ Stewart, on behalf of the People of the State of California and Brian W. York on behalf of Jaymes Edward York-Eck, a minor, filed a complaint, which arises out of a child custody dispute adjudicated in California state courts. The Complaint exceeds 300 pages in length and does not identify any particular claim or include a statement of the grounds for relief. Instead, it appears to be a compilation of various documents and quotations from statutes. For the reasons which follow, the Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *in Forma Pauperis* ("IFP Motion") is **DENIED** and the Complaint is **DISMISSED WITH PREJUDICE.**

PJ Stewart, who identifies himself by the title of "Sovereign," purports to be representing the People of the State of California, Brian W. York, and his minor child Jaymes Edward York-Eck as a private attorney general. Mr. Stewart does not reference California or any other bar membership. Accordingly, Plaintiffs are proceeding without an attorney *in propria persona*. *See* Civ. Local R. 83.11.

1  The $350 filing fee mandated by 28 U.S.C. § 1914(a) was not paid upon the filing of
2  the complaint. All parties instituting any civil action, suit or proceeding in a United States
3  District Court must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed
4  despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to
5  proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169
6  F.3d 1176, 1177 (9th Cir. 1999). In this case, the financial information required by items 2
7  through 12 of the IFP Motion form was not provided. The court therefore does not have
8  sufficient information to determine whether either Mr. Stewart or Mr. York are entitled to
9  the *in forma pauperis* status.

10  In addition, the IFP Motion and the Complaint are signed only by Mr. Stewart.
11  Although each *pro se* litigant may appear on his or her own behalf, "the privilege is
12  personal" to each one of them. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697
13  (9th Cir. 1987). In this regard, this District's Civil Local Rule 83.11(a) provides in
14  pertinent part:

> Any person who is appearing propria persona (without an attorney) (i.e. pro se) must appear personally for such purpose and may not delegate that duty to any other person, including husband or wife, or another party on the same side appearing without an attorney.

18  Furthermore, Federal Rule of Civil Procedure 11(a) requires a signature on every pleading:

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or by a party personally if the party is unrepresented.

21  When read together with Civil Local Rule 83.11(a), Rule 11(a) requires each *pro se* party
22  to sign every pleading filed with the court. Accordingly, Mr. Stewart's designation as an
23  attorney on behalf of Mr. York and others, and his signature on the pleadings on their
24  behalf were contrary to Rule 11(a) and Civil Local Rule 83.11(a). The IFP Motion and the
25  Complaint are therefore inadequate. Based on the foregoing, the IFP Motion is **DENIED**.
26  Because the court lacks subject matter jurisdiction over the controversy alleged in
27  the Complaint, providing Plaintiffs an opportunity to re-file the Complaint with the
28  requisite signatures and the IFP Motion with the requisite financial information would be

an idle act. The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999). The plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

The Complaint seeks "the returning of Jaymes Edward York to his father Brian W. York forthwith." (Compl. at 4.) This issue arises out of a child custody dispute between Mr. York and Defendant Stefanie Amaral Eck, which was adjudicated in the Superior Court of California, County of Sonoma (case no. SFL-984267) and subsequently in the San Diego County Superior Court (DVN 14592). Custody was awarded to Ms. Eck. (*See* exhibits to the Complaint.) The relief requested in the Complaint would require this court to review prior state court orders and *de facto* reverse them.

Pursuant to the *Rooker-Feldman* doctrine, federal district courts may exercise only original jurisdiction and may not exercise appellate jurisdiction over state court decisions. *See Dubinka v. Judges of the Super. Ct. of Cal.*, 23 F.3d 218, 221 (9th Cir. 1994), citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also* 28 U.S.C. § 1257(a). Accordingly, under this doctrine, lower federal courts lack jurisdiction to review state court judgments. *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1034 (8th Cir. 1999). The doctrine also extends to bar lower federal courts from hearing claims that are "inextricably intertwined" with the claims adjudicated in the state court action. *See Feldman*, 460 U.S. at 482 n. 16; *Fielder*, 188 F.3d at 1034. Furthermore, it "applies even when the challenge to the state court decision

involves federal constitutional issues." *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986).

> If a federal plaintiff asserts a legal wrong or an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.

*Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). Therefore, when this doctrine applies, lower federal courts dismiss particular claims, or an entire action, based on lack of subject matter jurisdiction. *See. e.g., Worldwide Church of God*, 805 F.2d at 893 (affirming dismissal for lack of subject matter jurisdiction based on *Rooker-Feldman*).

The claims in this action are inextricably intertwined with the family law orders issued by California courts. This court therefore lacks subject matter jurisdiction to adjudicate the claims presented in the Complaint.

The Complaint also appears to seek relief against San Diego County Superior Court Judge Sim Von Kalinowski (Compl. at 6), who issued a decision adverse to Mr. York (*see* exhibits to the Complaint). The claims against the judge are barred by the doctrine of judicial immunity. "Few doctrines are more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Based on the foregoing, the Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: March 9, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL